MoAdam, C. J.
Where the judgment has been rendered upon the verdict of a jury, the statute authorizes an appeal from the judgment upon questions of law only (Code, § 1346, subd. 2), and the defeated party is precluded from obtaining a review upon the facts, unless he has laid the foundation for such review by a motion for a new trial. See cases collated in Baylies on New Trials, 45, 46. The party seeking to review the finding of a jury must move on the minutes for a new trial, pursuant to section 999 of the Code, or apply to the court at special term on a case made pursuant to section 1002. of that act. Upon an appeal from the judgment, and from the order denying the motion for a new trial, the whole case, upon the law as well as the facts, will be before the general term for review. The printed case shows that on the conclusion of the trial, after the rendition of the verdict, the defendant moved for a new trial on the ground mentioned in section 999 of the Code. The case then recites these facts: “Motion denied; defendant’s counsel excepted.”
The appeal is from the judgment and from the (so called) order denying a new trial, but the difficulty is that no order denying the application for a new trial was ever made.
The order must be in writing (Code, § 767), and no appeal can be taken until after the entry of the order by the clerk. Section 1300, Matter of N. Y. C. R. R. Co., 60 N. Y., 115. The objection that no order has been made and entered is not one of form but of substance. It is a pre-requisite that goes to the jurisdiction or power of the court to review the facts. The motion for a new trial is no part of the trial. It cannot be made until after the trial has been completed. .Such being the law, we cannot review the facts upon this .appeal, which must be regarded as one from the judgment *513 only, to be determined solely upon the exceptions taken at the trial. Third Avenue R. R. Co. v. Ebling, 100 N Y., 98 But two exceptions were taken in the case, one to the exclusion of evidence, and the other to the refusal of the trial judge to charge a specific request proposed by the defendant’s counsel. As both are without merit, they require no discussion. The case was fairly tried, no motion to dismiss was made, no insufficiency of proof pointed out, and no exception was taken to the manner in which the issues were submitted to the jury. The jury have disposed of all there is to this case, and the judgment entered on their verdict must be affirmed with costs.
Ehrlich, J., concurs.